Mr. Justice Clayton
delivered the opinion of the court.
This was a scire facias to revive a judgment obtained against the decedent in his life-time, against his heirs at law, upon a suggestion that lands had descended to them subject to the payment of said judgment.
The defendants appeared and pleaded to the scire facias, that administration with the will annexed had been granted of said decedent’s estate, and that the same had afterwards been duly declared insolvent. To this plea, it was replied that the lands of the decedent were not under the control of the administrator, before the distribution thereof, and that they had not been accounted for by him. To this replication there was a demurrer, which was sustained by*the court, and judgment rendered against the plaintiff.
It was decided in Smith et al. v. Winston et al., Executors of Kyle, 2 How. Rep. 601, that a scire facias is a proper remedy against the heirs at law, when there is an unsatisfied judgment against the decedent. It was also decided, in Dye v. Bartlett, 7 How. 224, that the insolvency of an estate does not affect or divest the lien of a judgment rendered against the decedent in his life-time. These authorities are decisive of the present case, and established the right of the plaintiff to have the scire *281 facias, notwithstanding the suggestion of insolvency. The demurrer should have been extended to the plea, and that should have been held insufficient.
Some objections are urged to the scire facias itself, in this, that it does not show that the judgment had been enrolled, ndr specify the lands sought to be charged. It was not necessary that it should have alleged, that' the judgment had been enrolled ; if that had not been done, and it was deemed material to the defence, it should have been pleaded.
As to the other objection, it appears but reasonable to require that the proceedings, in some stage, should point out the lands sought to be subjected. In England, it is not usual to set them out in the scire facias itself, but the sheriff returns the persons whom he summons as heirs or terre-tenants, together with a description of the lands or tenements held by them. Jefferson v. Morton, 2 Saund. 8; Tillinghast’s Forms, 48; Bank of Georgetmon v. Heirs of R. J. Meigs, 5 Ohio, Rep. 314. This description is not contained either in the process, or in the return of the sheriff in this case. We are disposed to adhere to the practice recognized by these authorities, and hence the return of the sheriff was insufficient to authorize a judgment against the heirs. But such insufficiency in the return does not justify the quashing of the process itself, and turning the party out of court.
The sheriff, at the return term, might have been permitted to amend, or another scire facias might have been awarded, with directions as to the service and return.
As the court in this case went too far, the judgment is reversed, and the cause remanded for further proceedings.